UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-22999-BLOOM

CHARLES HENRY WILLIAMS

    Plaintiff,

v.

EVELYN E. VELASQUEZ, *et al.*,

    Defendants.

_____/

## ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(g)

**THIS CAUSE** is before the Court on Plaintiff Charles Henry Williams' *pro se* Complaint under 42 U.S.C. § 1983. ECF No. [1]. Plaintiff, a pretrial detainee, has not paid the filing fee and has moved for leave to proceed *in forma pauperis* ("IFP"). ECF No. [3]. As explained below, Plaintiff may not initiate a civil action in federal court without prepaying the entire filing fee because he has three "strikes" under 28 U.S.C. § 1915(g). Therefore, his Complaint is **DISMISSED** without prejudice.

"To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) (citing 28 U.S.C. § 1914(a)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A person who is "unable to pay such fees or give security therefor" can avoid prepaying the filing fee by filing a motion for leave to proceed IFP. 28 U.S.C. § 1915(a). The statute, however, contains a major exception to this rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The purpose of this provision, known as the "three-strikes rule," is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). After a prisoner has filed three or more meritless actions or appeals, a district court is authorized to dismiss the complaint without prejudice under the three-strikes rule if the prisoner fails to pay the filing fee "at the time he *initiates* suit." *Id*. (emphasis in original).

Plaintiff did not pay the filing fee when he initiated this suit. Therefore, his Complaint must be dismissed without prejudice under the three-strikes rule. A review of the Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed more than three civil actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim for relief. Plaintiff was recently found to be a three-strike litigant by another judge in this District. *See Williams v. Muro*, No. 19-cv-22081-KMM, ECF No. 13 (S.D. Fla. June 26, 2019), *report and recommendation adopted*, ECF No. 18 (listing Plaintiff's three prior lawsuits that count as strikes under § 1915(g)).[1]

In addition, Plaintiff does not allege imminent danger. To qualify under the imminent danger exception to the three-strikes rule, the Eleventh Circuit requires a pleading of "specific allegations of present imminent danger that may result in serious physical harm." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). "[A] prisoner's allegation that he faced imminent

---

[1] Federal Rule of Evidence 201 permits the Court to take judicial notice of other courts' orders "for the limited purpose of recognizing the 'judicial act' that the order represents. . . ." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted). The Court has determined that these prior actions were filed by the same Charles Henry Williams who filed this case. In a recent filing in Case No. 19-cv-22081-KMM, Plaintiff used his current jail number: 240163878. *See Williams*, No. 19-cv-22081-KMM, ECF No. 21. Moreover, Plaintiff did not dispute in that case that the prior actions found to be strikes were also filed by him. *See id*., ECF No. 17.

danger sometime in the past is an insufficient basis to allow him to proceed [IFP] pursuant to the imminent danger exception to the statute." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). "To avail himself of the imminent danger exception, a three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint." *Smith v. Dewberry*, 741 F. App'x 683, 686 (11th Cir. 2018) (citing *Medberry*, 185 F.3d at 1193).

Plaintiff's allegations, though difficult to comprehend, do not indicate that he is in imminent danger of serious physical harm. Plaintiff's Complaint is a rambling, disjointed narrative of various events, including an incident in which he was allegedly attacked and robbed at gunpoint and an incident in which he was allegedly arrested. ECF No. [1] at 7–8, 12–14. These allegations concern past events and do not establish imminent danger. *Medberry*, 185 F.3d at 1193.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]** is **DISMISSED without prejudice** under the three-strikes rule of § 1915(g).

2. The Clerk of Court is directed to **CLOSE** this case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 9, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    Charles Henry Williams, *PRO SE*
       240163878

Case No. 25-cv-22999-BLOOM

- 4 -

Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125